**U.S. Department of Justice**

*United States Attorney's Office*
*District of Delaware*

---

Nemours Building  (302) 573-6277
1001 Orange Street, Suite 700  FAX (302) 573-6220
P.O. Box 2046
Wilmington, Delaware 19899-2046

August 2, 2005

05-105M-MPT

Honorable Mary Pat Thynge
United States Magistrate Court
J. Caleb Boggs Federal Building
844 King Street
Wilmington, Delaware 19801

    Re:  **United States v. Benjamin Wing**
           **Magistrate No. 05-**

Dear Judge Thynge:

    The parties have agreed to the enclosed plea agreement, and respectfully request that the Court schedule a Rule 11 entry of a guilty plea.

                                      Respectfully submitted,

                                      COLM F. CONNOLLY
                                    United States Attorney

                              By: _____
                                    Richard G. Andrews
                                    First Assistant United States Attorney

pc:  Raymond Radulski, Esquire (w/ Enc.)
      Clerk, U.S. District Court (w/ Enc.)

RGA:slb
Enclosure

FILED
AUG 3 2005
U.S. DISTRICT COURT
DISTRICT OF DELAWARE

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Magistrate No. 05- 105M-MPT |
| | ) |
| BENJAMIN WING, | ) |
| | ) |
| Defendant. | ) |

**MEMORANDUM OF PLEA AGREEMENT**

Pursuant to discussions between the United States of America, by and through its attorney, Richard G. Andrews, First Assistant United States Attorney for the District of Delaware, and the defendant, Benjamin Wing, by and through his attorney, Raymond Radulski, Esquire, the following agreement is hereby entered into by the respective parties:

1. The defendant shall plead guilty in the United States District Court for the District of Delaware to Counts One and Two of an Information, both of which charge theft from a federally-insured bank, in violation of Title 18, United States Code, Section 2113(b), which carries, for each count, a maximum sentence of a term of imprisonment of one year, a fine of $100,000, or both, one year of supervised release, restitution, and a $25 special assessment. The defendant understands these sentences could be imposed consecutively.

2. The defendant acknowledges that he passed two similar counterfeit checks, one for $726.18 and one for $792.84, in New Jersey. He agrees that he can be ordered to make restitution for those two

checks also, and understands and agrees that he should be ordered to make a total of $3,025.28.

3. The defendant understands that at sentencing the Court must consider the United States Sentencing Guidelines and take them into account in exercising its discretion to determine the appropriate sentence and must also consider the other factors bearing on an appropriate sentence pursuant to Title 18, United States Code, Section 3553(a). The Government understands that there is substantial evidence that the defendant has rehabilitated himself in the nearly five years since the offenses occurred, and based on that understanding, the Government will recommend that the Court impose a sentence that (1) provides for restitution; and (2) does not involve incarceration. The Government agrees to recommend a two point reduction for acceptance of responsibility, assuming that the defendant does not do anything inconsistent with acceptance of responsibility subsequent to the entry of the guilty plea. The defendant understands that the final determination of the sentencing guidelines will be up to the sentencing judge. The defendant understands that the Court is not bound by any stipulation between the parties, and that if the Court calculates the guidelines differently than he expects, or contrary to any stipulation of the parties or recommendation of his attorney, that he will not be allowed to withdraw his guilty plea.

4. The defendant agrees to pay the $100 of special assessments the day of sentencing.

5. The United States agrees to move to dismiss the indictment in Criminal Action No. 01-22-JJF, as it pertains to the defendant, subsequent to his entry of this guilty plea.

6. It is further agreed by the undersigned parties that this Memorandum supersedes all prior promises, representations, and statements of the parties; that this Memorandum may be modified only in

writing signed by all the parties; and, that any and all promises, representations, and statements made prior to or after this Memorandum are null and void and have no effect whatsoever.

                                                  COLM F. CONNOLLY
                                                  United States Attorney

_____       By:_____
Raymond Radulski, Esquire                    Richard G. Andrews
Attorney for Defendant                         First Assistant United States Attorney

_____
Benjamin Wing
Defendant

Dated:

      **AND NOW**, this _____ day of _____, 2005, the foregoing Memorandum of Plea Agreement is hereby (accepted) (rejected) by this Court.

                                      _____
                                      HONORABLE MARY PAT THYNGE
                                      UNITED STATES MAGISTRATE JUDGE